[No. 20521.   Department One.   August 3, 1927.]

THOMAS HONEYWELL *et al., Respondents,* v. ARTHUR MIKELSON *et al., Appellants.*[1]

[1] HIGHWAYS (52)—USE—NEGLIGENT USE OF MOTOR VEHICLE. A finding of negligence in attempting to tow two cars at the same time is sustained, where there was evidence that the speed was thirty miles an hour, uneven, and jerked the last car from side to side, without slowing down on approaching traffic, resulting in a collision, using a wrecking car in a manner for which it was not intended.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered November 23, 1926, upon findings in favor of the plaintiffs, in an action for personal injuries. Affirmed.

*Reynolds, Ballinger & Hutson,* for appellants.
*Roberts & Skeel* and *N. A. Pearson,* for respondents.

¹Reported in 258 Pac. 36.

FRENCH, J.—Appellant, a garage operator in the city of Everett, is the owner of a wrecking truck. He was called by a Japanese by the name of Amano to get a wrecked Dodge car several miles out from Everett. On arriving with his wrecking truck, there was found also a Willys-Knight car which had been injured in some manner and needed to be towed in. As we gather from the record, the wrecking car owned and used by appellants was equipped with a derrick, or crane, built up on the rear end and extending somewhat over the back end of the car, and is the kind customarily used in good garages.

The Willys-Knight car was fastened to the wrecking car in the usual method by picking up the front end with the derrick, and the Dodge car was fastened on behind the Willys-Knight car with a rope. The Japanese was placed inside the Dodge car to steer it, and thus connected, appellant proceeded to tow them to Everett. On going off a bridge which spans Eby Slough, the Dodge car, for some reason, swerved from side to side, ran over on the wrong side of the road-way and collided with the automobile of respondents.

It seems to be admitted that the respondents were quite severely injured and that they were without fault, the only question in the case being as to whether or not the appellants are in any way responsible for the accident.

[1] The lower court found that the appellants were negligent in several particulars, the principal ones being that they were towing two automobiles at the same time upon the highway at a dangerous and negligent speed, the court finding that, at the time of the accident, they were going at approximately thirty miles per hour; that the rate of speed was uneven and irregular, so as to jerk the towed car from side to side, and that they were careless in not slowing down or

stopping at the approach of traffic, so as to avoid a collision. On the other hand, appellants contend that the accident arose by reason of the negligence of Amano, the owner of the Dodge car, in not properly steering his car while the same was being towed.

At the outset, it should be remembered that appellants were called on to go out and get a Dodge car; that they were being paid a reasonable fee therefor, and it is apparent, from the testimony in this case, that the appellants were so equipped that they could safely take one car without there being any possibility of an accident happening in such a way as this one happened. Instead of handling them one at a time, however, they attempted to tow in both cars at the same time. They had the proper equipment to do this work safely. Instead of making two trips for the towing of the two cars, they preferred to attempt to tow them both together. Reading the record, we are convinced, as was the trial court, that the appellants were negligent.

It may be that the Japanese Amano was also negligent in his manner of handling the steering wheel, but that would not relieve appellants from liability. Where one undertaking to perform a task has the equipment to do the work safely, but in place of using that equipment as it was intended to be used, does the work in a different manner and in a way that, from its very nature, may cause an accident, he is guilty of negligence.

The principles underlying the tow-boat cases are, we think, applicable here. Marsden's Collision at Sea, pp. 195 to 209; 24 R. C. L. 1450, 1447.

Judgment affirmed.

MACKINTOSH, C. J., FULLERTON, MAIN, and MITCHELL, JJ., concur.